UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE STEEN,

    Plaintiff,

v.

ANDREW HERGIZ, ET AL,

    Defendants.
                                          /

Case No.15-14330

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit and GRANTS her request to proceed *in forma pauperis*. [2] For the reasons that follow, however, the Court dismisses Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff claims that she has no savings, no real estate or other assets of significant value, and her sole source of income is derived from social security disability benefits. Based on this affidavit, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2).  *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Specifically, the district court is obligated to dismiss a civil complaint if it is "frivolous . . .; [or] fails to state a claim on which relief may be granted."  § 1915(e)(2)(B).

As a preliminary matter, the Court is not convinced that it has subject matter jurisdiction over Plaintiff's complaint. "[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 891 (6th Cir. 1998). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Id.* (citing Fed.R.Civ.P. 12(h)(3)). This Court has subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States[.]" 28 U.S.C. § 1332.  Plaintiff's complaint fails to identify any cause of action arising under federal law.  Nor does Plaintiff allege that the parties are citizens of different states. Where, as here, Plaintiff has failed to assert a plausible jurisdictional hook permitting this Court to exercise its power over Defendants, it must, and does, dismiss all claims against them.

Moreover,  while the Court is mindful that a *pro se* litigant's complaint is held to "less stringent standards" than a complaint drafted by counsel, it must contain facts sufficient to show that a redressable legal wrong has been committed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim

is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Here, Plaintiff contends that "Andrew Hergiz brought 3 fake baliffs [sic] to my apt, I was not home. Home invasion. I called the Police and FBI." (Compl. at 1). Even assuming, *arguendo*, that this assertion was true, Plaintiff fails to identify a legal avenue for relief.  As such, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The complaint is thus DISMISSED.[1]

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

---

[1] The Court notes that Plaintiff has filed at least eight other actions in this District that have been dismissed on similar grounds. *See Steen v. Firley, et al,* 92-74422, (Zatkoff, J.); *Steen v. Detroit Police Department*, 92-74424, (Zatkoff, J.); *Steen v. U.S. Storage*, 07-15121, (Tarnow, J.); *Steen v. Patel*, 08-14319, (Cleland, J.); *Steen v. Jones, Jr.,* 11-11625, (Tarnow, J,); *Steen v. Franklin*, 06-1062, (Cohn, J.); *Steen v. Marable, Jr.,* 07-15001, (Friedman, J.); *Steen v. Rostram*, 12-15016, (Goldsmith, J.). Under Federal Rule of Civil Procedure 11, the Court has broad discretion to fashion sanctions "to deter baseless filings and curb abuses of the judicial system, . . . . " *Ortman v. Thomas*, 906 F. Supp. 416, 421 (E.D. Mich. 1995) aff'd as modified, 99 F.3d 807 (6th Cir. 1996). Plaintiff is strongly advised to review Rule 11 before filing future lawsuits to prevent against the imposition of monetary or injunctive sanctions.